UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
DEUTSCHE BANK NATIONAL            :     CASE NO. 1:07-CV-01216
TRUST COMPANY,                              :
                                                         :
       Plaintiff,                             :
                                                         :
vs.                                                   :     OPINION & ORDER
                                                         :     [Resolving Docs. No. 15]
BERNARD GARDIER, II., *et al.*,      :
                                                         :
      Defendants.                         :
                                                         :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court considers Defendant Bernard Gardier's motion for default judgment and dismissal of the Plaintiff's claims. [Doc. 15.] For the reasons discussed below, the Court **DENIES** the Defendant's motion. However, the Court orders the Plaintiff to serve all documents it previously served to the Defendants at the Valley Forge address to the Defendants at their current address of record.

**I. Background**

On April 24, 2007, Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") filed a complaint for foreclosure against Defendants Bernard J. Gardier, II and Rhiannon C. Gardier. [Doc. 1.] On May 25, 2007, Rhiannon Gardier filed an answer to the Plaintiff's complaint. [Doc. 6.] On that same day, Bernard Gardier filed an answer to the complaint as well as a counterclaim against Deutsche Bank. [Doc. 7.] On June 22, 2007, Deutsche Bank filed

-1-

Case No. 1:07-CV-01216
Gwin, J.

a stipulated motion for an extension of time until June 25, 2007 to respond to Bernard Gardier's counterclaim. [Doc. 10.] On June 25, 2007, the Court granted the Plaintiff's motion for extension of time [Doc. 13.], and Plaintiff filed its response to the counterclaim. [Doc. 12.]

On September 17, 2007, Bernard Gardier filed the instant motion for default judgment and dismissal of the Plaintiff's claims based on two grounds. [Doc. 15.] First, he says the Plaintiff never replied to his counterclaim and "is in default judgment for failure to file an Answer or other responsive pleading." *Id.* Second, he claims that the Plaintiff has failed to respond to his efforts to settle the case. *Id.*

On October 1, 2007, Deutsche Bank opposed Bernard Gardier's motion for default judgment and dismissal of the Plaintiff's claims. [Doc. 19.] In response to the Defendant's first ground for default judgment and dismissal, the Plaintiff draws the Court's attention to its June 25, 2007 timely filing of its response to the Defendant's counterclaim. [Doc. 12.] The Plaintiff says it also sent a paper copy to the Defendant. [Doc. 19.] In response to the Defendant's second ground, the Plaintiff claims that the failure of the Plaintiff to accept settlement offers "is not a basis for a default judgment under Fed. Civ. R. 55(a)." *Id.* Deutsche Bank also counters the Defendant's assertion that the Plaintiff has been non-responsive to his settlement efforts by claiming that counsel for the Plaintiff "has been in negotiations with Defendant regarding the settlement of this matter." *Id.*

## II. Discussion

Rule 55(a) of the Federal Rules of Civil Procedure provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Case No. 1:07-CV-01216
Gwin, J.

FED. R. CIV. P. 55(a).

Here, Bernard Gardier claims the Plaintiff never responded to his counterclaim. [Doc. 15.] The Court gave the Plaintiff until June 25, 2007 to file its response to the counterclaim. [Doc. 13.] The Plaintiff complied with the Court's Order by filing its response on June 25, 2007. [Doc. 12.] Therefore, the Plaintiff is not entitled to a default judgment or dismissal of its claims on this ground.

Instead, the Court finds the problem lies in confusion regarding Bernard Gardier's address of record. At the law suit's inception, the Plaintiff addressed the Summons to the Defendants at P.O. Box 770980, Lakewood, OH 44017.[1/] [Docs. 1-5, 1-6, 3-1.] On May 25, 2007, the Defendants indicated the same P.O. Box address on their answers and Bernard Gardier's counterclaim. [Docs. 6, 7.] The Court finds that this P.O. Box address was the Defendants' initial address of record.

In June 2007, when Plaintiff Deutsche Bank filed its next three documents electronically with the Court, it sent paper copies to the Defendants at a different address: 4490 Valley Forge Drive, Fairview Park, Ohio 44126. [Docs. 9, 10, 12.] One of these three filings sent to the Valley Forge address was the Plaintiff's response to Bernard Gardier's counterclaim. [Doc. 12.] The Court does not know the Plaintiff's reason for sending these filings to the Defendants at the Valley Forge address.

On July 10, 2007, the Defendants notified the Court and the Plaintiff that they changed their address to 545 Metroplace South, Ste. 100, Dublin, Ohio 43017. [Doc. 14.] The Court finds the Metroplace address to be the Defendants' current address of record.

After reviewing the record, the Court finds that though the Plaintiff properly filed its

---

[1/] The Plaintiff also addressed the Summons to 4100 Mapledale Avenue, Cleveland Ohio 44109, the property at issue in the foreclosure action. [Doc. 3-1.] Because the Defendants list their address as the P.O. Box address in their answers, the Court treats the P.O. Box address as the Defendant's initial address of record.

-3-

Case No. 1:07-CV-01216
Gwin, J.

response to the counterclaim electronically and mailed a paper copy to the Defendants, the Defendants likely did not receive it because it went to an address that was neither the initial address of record nor the current address of record. Therefore, the Court orders the Plaintiff to send a copy of all documents it sent to the Valley Forge address to the Defendants at their current address of record.

Since the Defendants' July 10, 2007 notice of address change [Doc. 14.] and the Court's September 19, 2007 order establishing service requirements for the remainder of this case [Doc. 17.], it appears the Plaintiff has properly served the Defendants at their current address. *See* [Doc. 19.].

Finally, the Court finds no legal basis to justify entering a default judgment or dismissing the Plaintiff's claims based on the Plaintiff's failure to accept or respond to the Defendants' settlement offers.

### III. Conclusion

For the reasons described above, the Court **DENIES** Bernard Gardier's motion for default judgment and dismissal of the Plaintiff's claims. However, the Court orders the Plaintiff to serve all documents it previously served to the Defendants at the Valley Forge address to the Defendants at their current address of record.

IT IS SO ORDERED.

Dated: October 9, 2007                      s/ *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE